Alan S. Gutman, SBN 128514
Matthew E. Hess, SBN 214732
John Juenger, SBN 225201
GUTMAN LAW
9350 Wilshire Blvd., Ste. 350
Beverly Hills, CA 90212
Telephone: 310-385-0700
Email: alangutman@gutmanlaw.com
       mhess@gutmanlaw.com
       johnjuenger@outlook.com

Attorneys for Plaintiff Mrs. Robyn Astaire

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRS. ROBYN ASTAIRE,<br><br>  Plaintiff,<br><br>  v.<br><br>OPERA VAULT.COM, and DOES 1-10, Inclusive,<br><br>  Defendants. | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., arising from Defendants' unauthorized copying, reproduction, distribution, and sale of Plaintiff's copyrighted television program titled "An Evening with Fred Astaire" (the "Program").

2. Plaintiff seeks actual or statutory damages for willful infringement, preliminary and permanent injunctive relief to prevent further infringement, and such other relief as the Court deems just and proper.

## PARTIES

3. Plaintiff Mrs. Robin Astaire ("Plaintiff") is an individual residing in the Central District of California and is the lawful owner of all rights, title, and interest in the copyright to the Program, "An Evening with Fred Astaire."

4.  Defendant "OperaVault.com" is an entity of unknown legal form at 5102 21st St., Ste. 4a,122, Long Island City, New York 11101-5838. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the website "operavault.com" through which it sells and distributes unauthorized copies of the Program to consumers in the United States, including in California.

5.  The true names and capacities of Doe Defendants 1–10 are unknown to Plaintiff, who therefore sues such defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants is in some manner responsible, whether directly, contributorily, or vicariously, for the wrongful acts alleged in this complaint, and that Plaintiff's injuries and damages as herein alleged were proximately caused by their conduct.

6.  Plaintiff is further informed and believes, and on that basis alleges, that the Doe Defendants are using and operating the website operavault.com (the "Website") to infringe Plaintiff's copyrighted works and to distribute, display, and reproduce such works without authorization or license. The true identities, IP addresses, and physical locations of the Doe Defendants, including the owner, operator, and registrant of operavault.com, are presently unknown to Plaintiff, because these defendants have deliberately concealed their identities through domain privacy services, proxy registration, and other anonymizing techniques. Plaintiff is informed and believes, and on that basis alleges, that this concealment has been undertaken with the purpose and effect of facilitating and concealing ongoing unlawful copyright infringement activities conducted through operavault.com and associated domains or servers under the Doe Defendants' control. Plaintiff anticipates that the identities of the Doe Defendants, including but not limited to the owner and registrant of operavault.com and those who control or materially contribute to its operations, will be ascertained through discovery, including subpoenas to hosting providers, domain registrars, payment processors, and other third parties with relevant identifying information.  Plaintiff

is informed and believes that each Doe Defendant participated in, contributed to, or profited from the infringing acts alleged herein. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Copyright Act.

8. This Court has personal jurisdiction over Defendants because they have purposefully directed their infringing activities toward residents of this district by advertising, offering for sale, and distributing infringing copies of the Program into the Central District of California.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(a), because Plaintiff resides in this district, Defendants have engaged in infringing acts here, and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff is the owner of all exclusive rights under the Copyright Act in and to the Program, "An Evening with Fred Astaire," which has been duly registered with the United States Copyright Office (Reg. No. PA0001020168).

11. Without authorization, Defendants have reproduced, advertised, and sold physical DVDs and/or digital copies of the Program through their website, "operavault.com," falsely representing or implying that such copies are legitimate or authorized.

12. Plaintiff is informed and believes, and on that basis alleges, that the infringing sales have been and continue to be directed to purchasers within the Central District of California and elsewhere in the United States.

13. Defendants have concealed their identities through the use of anonymized domain registration, proxy hosting, and false or incomplete business information, thereby frustrating Plaintiff's ability to identify those responsible for

the unlawful activity.

## COUNT I

### Copyright Infringement (17 U.S.C. § 501)

14. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

15. By reproducing, distributing, publicly displaying, and selling unauthorized copies of the Program, Defendants have infringed Plaintiff's exclusive rights under 17 U.S.C. § 106.

16. Defendants' acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

17. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial damages and is entitled, at her election, to recover either actual damages, including Defendants' profits, or statutory damages under 17 U.S.C. § 504, together with attorneys' fees and costs under 17 U.S.C. § 505.

18. Plaintiff further seeks injunctive and related relief to restraining Defendants and all persons in active concert with them from reproducing, distributing, displaying, selling, or otherwise exploiting the Program, and appropriate orders for the impoundment and destruction of all infringing materials and equipment used in infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff and against Defendants for copyright infringement;
2. Award Plaintiff actual or statutory damages under 17 U.S.C. § 504, enhanced for willful infringement;
3. Grant preliminary and permanent injunctive relief restraining Defendants and all persons in active concert with them from reproducing, distributing, displaying, selling, or otherwise exploiting the Program without

authorization;

4. Order the impoundment and destruction of all infringing materials and related equipment under 17 U.S.C. § 503;

5. Award Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: February 17, 2026                GUTMAN LAW

                                        By: /s/ Alan S. Gutman
                                        Alan S. Gutman
                                        Attorneys for Plaintiff
                                        Mrs. Robyn Astaire

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 17, 2026                GUTMAN LAW

                                        By: /s/ Alan S. Gutman
                                        Alan S. Gutman
                                        Attorneys for Plaintiff
                                        Mrs. Robyn Astaire